APPEALS COURT 
 
 COMMONWEALTH vs. RAYMOND STREED

 
 Docket:
 23-P-1321
 
 
 Dates:
 December 11, 2024 – June 26, 2025
 
 
 Present:
 Meade, Sacks, & Hodgens, JJ.
 
 
 County:
 Essex
 

 
 Keywords:
 Global Positioning System Device. Sex Offender. Practice, Criminal, Probation, Motion for reconsideration. Constitutional Law, Search and seizure. Search and Seizure, Probationer.
 
 

 
      Indictments found and returned in the Superior Court Department on March 29, 2006. 
      A motion to vacate global positioning system monitoring as a condition of probation, filed on February 14, 2023, was heard by Thomas Drechsler, J., and a motion to reconsider was considered by him.
      Joseph M. Kenneally for the defendant.
      Jennifer D. Cohen, Assistant District Attorney, for the Commonwealth.
      HODGENS, J.  In 2007, following the conviction of the defendant, Raymond Streed, a Superior Court judge imposed a prison sentence followed by probation.  Special conditions of probation included mandatory global positioning system (GPS) monitoring in accordance with G. L. c. 265, § 47.  After being released from prison, the defendant unsuccessfully moved in 2023 to vacate the GPS monitoring, and he now appeals.  He also appeals the denial of his motion for reconsideration.  We affirm in part and reverse in part, and remand.
      Background.  The convictions stem from a violent series of events that occurred after the victim ended a one-month dating relationship with the defendant.  On February 18, 2006, at 4 A.M., the defendant broke into the residence where the victim lived and worked as a nanny, and he beat, kicked, choked, and raped her multiple times over the next twelve hours.  He threatened to kill her if she called for help.  The severity of the beating left the victim with a fractured eye socket.  Gripped by fear, she pretended to be willing to resume the relationship and later in the day drove him to a liquor store.  Once the defendant went inside the store, the victim drove immediately to the police station.
      A jury convicted the defendant of rape (five counts), kidnapping, breaking and entering with intent to commit a misdemeanor, assault and battery causing serious bodily injury, and threatening to commit a crime (kill).  On October 15, 2007, the trial judge sentenced him to from eighteen to twenty years in State prison followed by ten years of probation upon his release from custody.  Special conditions of probation included "no contact with the . . . victim[]" and "GPS monitoring for the full term of probation."  Special conditions did not indicate any exclusion zones.  At the time of sentencing, sex offenders placed on probation faced mandatory GPS monitoring "for the length" of probation.  G. L. c. 265, § 47, St. 2006, c. 303, § 8.  A panel of this court affirmed the defendant's convictions in an unpublished memorandum and order entered on July 19, 2011.
      On February 14, 2023, having completed his prison sentence, the defendant filed a motion to vacate the GPS monitoring as a condition of probation.  He argued that GPS monitoring constituted an unreasonable search under the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights.  On June 22, 2023, following a hearing, another judge (motion judge) denied his motion, but ordered that the defendant could have the GPS requirement reviewed in five years.  On July 25, 2023, the motion judge denied the defendant's motion for reconsideration.
      Discussion.  GPS monitoring constitutes a search under the Fourth Amendment and art. 14 and, therefore, its imposition must be reasonable.  See Grady v. North Carolina, 575 U.S. 306, 309-310 (2015); Commonwealth v. Feliz, 481 Mass. 689, 690-691 (2019).  "Mandatory, blanket imposition of GPS monitoring on probationers" is not reasonable and is not permitted.  Feliz, supra at 700.  GPS monitoring as a condition of probation is permitted under art. 14, however, where a judge makes an "individualized determination[] of reasonableness."  Id.  A judge must balance "the extent to which GPS monitoring . . . advances the Commonwealth's interests in rehabilitation of the probationer and protection of the public" against the "privacy intrusion occasioned by GPS monitoring on the defendant's diminished, but still extant, expectations of privacy as a probationer."  Id. at 701.  On appeal, we review the balancing of these interests "based solely on the evidence before the motion judge."  Commonwealth v. Roderick, 490 Mass. 669, 678 (2022).  We give deference to the motion judge's findings of fact, absent clear error, but apply de novo review to any legal conclusions.  Id. at 673.
      Here, a "constellation of factors" set forth in the record amply supported the motion judge's decision to impose GPS monitoring.  Feliz, 481 Mass. at 701.  During the hearing, the motion judge carefully considered the facts surrounding the underlying offenses, a transcript of the sentencing hearing, the original special conditions of probation, the defendant's extensive criminal record, the defendant's classification as a level two sex offender, testimony of the victim, a letter of support for the defendant from a licensed clinical social worker, and testimony of the defendant.  Based on his review of the evidence presented at the hearing, the motion judge concluded that GPS monitoring was warranted.  We discern no error from this determination.
      Evidence at the hearing supported the conclusion that the defendant posed a "danger" to society as well as a "risk of reoffense."  Roderick, 490 Mass. at 673.  He broke into the victim's residence in the early morning hours and beat, kicked, choked, and raped her multiple times.  He threatened to kill her if she called for help, and he fractured her eye socket during the beating.  He had a criminal history that began in 1987 and included convictions for assault and battery, violations of protective orders issued under G. L. c. 209A, stalking, threatening, and malicious destruction of property.  Four women obtained protective orders against him.  He had seven commitments to the house of correction, five defaults, and four violations of probation.  He had also been classified as a level two sex offender.  Beyond permitting a conclusion that the defendant posed a danger to society and a risk of reoffending, the evidence also permitted the judge to conclude that GPS monitoring would further the Commonwealth's "interest in deterring and, if necessary, investigating future sex offenses."  Roderick, supra at 681.  See Commonwealth v. Rodriguez, 494 Mass. 723, 735 (2024) (GPS monitoring supported Commonwealth's "interest in deterring and investigating future crimes").
      To be sure, the defendant's testimony and a letter from a licensed clinical social worker painted a different portrait of a mature, sober, reflective, responsible, and contrite individual who had struggled with alcoholism, availed himself of treatment programs and therapy, and experienced a genuine change of heart.  The defendant testified that his future success depends upon his "ability to self-regulate in society."  The motion judge considered this evidence as well as the fact that GPS monitoring constituted an "intrusive search."  Because the motion judge appropriately weighed the evidence according to the balancing test set forth in Feliz, 481 Mass. at 701, we do not disturb his individualized determination of reasonableness in imposing GPS monitoring as a condition of probation.
      Once he determined that GPS monitoring was appropriate, however, the motion judge had an additional obligation to tailor the period of that monitoring to the defendant's circumstances.  See Roderick, 490 Mass. at 683 (where monitoring "would continue for years, the resulting burdens upon the defendant's liberty interest are greater than they would be given a shorter period of monitoring").  The motion judge did not make any findings or conclusions with respect to the duration of the monitoring.  Instead, he left the ten-year period of monitoring imposed by the trial judge unchanged with a review in five years.  "That the judge reserved the discretion to remove the condition at some future point is inconsequential given that judges always retain such discretion."  Id. at 683 n.5.  Leaving an evaluation of the full scope of the intrusion on the defendant's liberty open for at least five years does not comport with the "individualized determination[] of reasonableness" that must be made before a defendant is subjected to GPS monitoring.  Feliz, 481 Mass. at 700.  The motion judge should have "consider[ed] the incremental effect" that GPS monitoring over time would have on the defendant's liberty, weighed that effect against the government's interest in monitoring, and determined an appropriate period of monitoring.  Roderick, supra at 672.  Moreover, in the absence of any findings and conclusions regarding the duration of GPS monitoring, the wait-and-see procedure employed by the motion judge could be viewed as placing the burden on the defendant to show that his satisfactory behavior on probation might justify terminating GPS monitoring after five years.  See id. at 679 (by instructing defendant to file future motion to reconsider, judge shifted burden to "defendant to prove the absence of facts supporting the reasonableness of GPS monitoring").  The defendant bears no burden here; the burden is on the Commonwealth to demonstrate why monitoring for a specified period is reasonable.
      For the first time on appeal, the defendant raises an additional claim.  He contends that the combination of GPS monitoring and the general probation condition that prohibits out-of-State travel without permission operates as the "functional establishment" of an unconstitutional exclusion zone of all States outside of Massachusetts.  Because he did not alert the motion judge to this argument in time to develop the record below, the defendant cannot raise it for the first time on appeal.  See Commonwealth v. Rivera, 429 Mass. 620, 623 (1999).  Even if we were to consider the issue, we note that the general probation conditions have not been made part of the record, the special probation conditions did not include any exclusion zones, and we have not considered the need for an exclusion zone in the evaluation of the Commonwealth's interest in protecting public safety.  Contrast Rodriguez, 494 Mass. at 732 ("no evidence presented to the judge that the exclusion zones needed to be as broad as entire cities"); Roderick, 490 Mass. at 677-678 ("in order to rely upon a purported interest in enforcing an exclusion zone, the government must establish that the device will be configured effectively to contain such a zone").  Thus, we discern no error.
      Conclusion.  Accordingly, we affirm so much of the order denying the defendant's motion to vacate GPS monitoring as a condition of probation as it relates to the imposition of GPS monitoring.  We reverse so much of the order as it relates to the ten-year time period of the GPS monitoring, as well as the order denying the motion for reconsideration, and remand for further findings and conclusions consistent with this opinion.
 
So ordered.